THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN WENDALL JONES, Defendant-Appellant.

(No. 11926; )

Fourth District—December 20, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Steven Wendall Jones was indicted for theft of property of value in excess of $150. Pursuant to the terms of a negotiated plea he entered a plea of guilty to theft under $150 and was sentenced to one year at the Illinois State Penal Farm.

The Illinois Defender Project moved to withdraw as counsel for defendant, and appended to the motion a brief in conformity with *Anders v. State of California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The record shows proof of service of the motion and brief upon the defendant. The motion was continued to enable the defendant to file additional suggestions, and notice of this opportunity given to him. None were filed.

In discharge of our responsibilities we have examined the record. The negotiated plea was made of record as required by Supreme Court Rule 402(d). The terms of the negotiated plea were brief. In exchange for a plea of guilty to the offense of theft under $150 the State's Attorney would *nolle prosse* another pending charge involving violation of a bail bond. The defendant acknowledged that this accurately stated the terms of the agreement.

The record discloses compliance, on the part of the trial judge, with the provisions of Supreme Court Rule 402. The nature of the charge was explained to defendant, the factual basis for the plea was established and defendant admitted that has was guilty of theft as set forth in the State's Attorney's statement of that factual basis, the minimum and maximum penalties were explained, the court admonished the defendant of his right to trial by jury, his right to confront the witnesses, to remain silent, and advised defendant that the People, in the event of trial, would be required to establish defendant's guilt beyond a reasonable doubt. The record establishes that defendant's waiver of trial by jury and his plea of guilty were freely, intelligently and voluntarily made. The trial judge inquired whether defendant intended to apply for probation received an affirmative response and advised defendant that, after hearing, probation might be denied or granted in the Court's discretion, and defendant responded that he understood that. The sentence imposed is within statutory limits.

We agree that this record discloses no justiciable issue for review and

that the appeal is without merit and frivolous. Accordingly the motion of the Illinois Defender Project to withdraw as defendant's counsel is allowed and the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.